USDC SCAN INDEX SHEET










JAH   6/30/06   13:36
3:04-CV-01072   DEBORD V. USA
*13*
*ANS.*

```
CAROL C. LAM
United States Attorney
ERNEST CORDERO, JR.
Assistant U.S. Attorney
State of California Bar No. 131865
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 557-7473

Attorneys for Defendant
United States of America
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS DEBORD,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 04cv1072-IEG (JMA)<br><br>**UNITED STATES OF AMERICA'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant United States of America ("Defendant"), through its attorneys, Carol C. Lam, United States Attorney, and Ernest Cordero, Jr., Assistant U.S. Attorney, files this Answer to Plaintiff's First Amended Complaint (the, "Complaint") as follows:[1]

**FIRST AMENDED COMPLAINT**

1. Answering Paragraph 1 of the Complaint, Defendant alleges that said paragraph contains Plaintiff's characterization of his claims to which no answer is required. To the extent an answer is required, Defendant denies each allegation in said paragraph.

**JURISDICTION AND VENUE**

2. Answering Paragraph 2 of the Complaint, Defendant alleges that the allegations contained in said paragraph consist of legal conclusions solely within the purview of the Court,

---

[1] Plaintiff failed to number each paragraph of his First Amended Complaint. Defendant's responses contained in this Answer will correspond to the paragraphs as they appear in the First Amended Complaint.



or Plaintiff's characterization of his claims, to which no answer is required. To the extent an answer is required, Defendant denies the allegations in said paragraph.

3. Answering Paragraph 3 of the Complaint, Defendant alleges that the allegations contained in said paragraph consist of legal conclusions solely within the purview of the Court, or Plaintiff's characterization of this claims, to which no answer is required. To the extent an answer is required, Defendant denies the allegations in said paragraph.

**PARTIES**

4. Answering Paragraph 4 of the Complaint, Defendant asserts that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff, and based thereon, denies the allegations.

5. Answering Paragraph 5 of the Complaint, Defendant admits that the United States has been named as a defendant in this action pursuant to the provisions of the Federal Tort Claims Act, and that the allegedly negligent acts at issue in this case are alleged to have been performed in San Diego by employees of the Department of Homeland Security, U.S. Customs and Border Protection, formerly the United States Customs Service.

**FACTS**

6. Answering Paragraph 6 of the Complaint, Defendant admits that Plaintiff was involved in the purchase of weapons parts in Vietnam and the shipment of those parts. Defendant further asserts that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and based thereon, denies those allegations.

7. Answering Paragraph 7 of the Complaint, Defendant asserts that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and based thereon, denies those allegations.

8. Answering Paragraph 8 of the Complaint, Defendant asserts that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and based thereon, denies those allegations.

///

9. Answering Paragraph 9 of the Complaint, Defendant admits that the containers arrived in Long Beach and were off-loaded by LaSalle Brothers Trucking Company. Defendant further asserts that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and based thereon, denies those allegations.

10. Answering Paragraph 10 of the Complaint, Defendant admits the allegations contained therein.

11. Answering Paragraph 11 of the Complaint, Defendant admits the allegations contained therein.

12. Answering Paragraph 12 of the Complaint, Defendant admits the allegations contained therein.

13. Answering Paragraph 13 of the Complaint, Defendant admits the allegations contained therein.

14. Answering Paragraph 14 of the Complaint, Defendant admits that on April 8 and 9, 1997, notices of seizure were sent to various parties allegedly having an interest in the seized property, but no notice of seizure was sent to Plaintiff. Defendant further asserts that the remaining allegations contained in said paragraph consist of legal conclusions solely within the purview of the Court, or Plaintiff's characterization of the nature of a notice of seizure, to which no answer is required. To the extent an answer is required, Defendant denies the allegations in said paragraph.

15. Answering Paragraph 15 of the Complaint, Defendant denies the allegations contained therein.

16. Answering Paragraph 16 of the Complaint, Defendant denies the allegations contained therein.

17. Answering Paragraph 17 of the Complaint, Defendant admits the allegations contained therein.

18. Answering Paragraph 18 of the Complaint, Defendant asserts that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

in said paragraph, and based thereon, denies those allegations.

19. Answering Paragraph 19 of the Complaint, Defendant admits that Plaintiff filed a claim under the Federal Tort Claims Act which was dated June 23, 2003. Defendant further admits that the Customs Service denied the claim on December 2, 2003.

## IV. COUNT I: NEGLIGENCE

20. Answering Paragraph 20 of the Complaint, Defendant realleges its responses to Paragraphs 1 through 19 of the Complaint.

21. Answering Paragraph 21 of the Complaint, Defendant asserts that the allegations contained in said paragraph consist of legal conclusions solely within the purview of the Court, to which no answer is required. To the extent an answer is required, Defendant denies the allegations in said paragraph.

22. Answering Paragraph 22 of the Complaint, Defendant asserts that the allegations contained in said paragraph consist of legal conclusions solely within the purview of the Court, to which no answer is required. To the extent an answer is required, Defendant denies the allegations in said paragraph.

23. Answering Paragraph 23 of the Complaint, Defendant admits that Plaintiff was involved in the purchase and shipment of the seized goods, and claims to have had an ownership interest in the goods, but it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and based thereon, denies those allegations.

24. Answering Paragraph 24 of the Complaint, Defendant admits that the Customs Service issued notices of seizure to persons known or believed to have an interest in the seized goods, but did not provide Plaintiff with such notice. Defendant asserts that the remaining allegations contained in said paragraph consist of legal conclusions solely within the purview of the Court, to which no answer is required. To the extent an answer is required, Defendant denies the allegations in said paragraph.

25. Answering Paragraph 25 of the Complaint, Defendant denies the allegations contained therein.

///

26. Answering Paragraph 26 of the Complaint, Defendant admits the allegations contained therein.

27. Answering Paragraph 27 of the Complaint, Defendant asserts that said paragraph consist of legal conclusions solely within the purview of the Court, to which no answer is required. To the extent an answer is required, Defendant denies the allegations in said paragraph.

28. Answering Paragraph 28 of the Complaint, Defendant asserts that said paragraph consist of legal conclusions solely within the purview of the Court, to which no answer is required. To the extent an answer is required, Defendant denies the allegations in said paragraph.

29. Answering Paragraph 29 of the Complaint, Defendant asserts that said paragraph consist of legal conclusions solely within the purview of the Court, to which no answer is required. To the extent an answer is required, Defendant denies the allegations in said paragraph.

30. Answering Paragraph 30 of the Complaint, Defendant asserts that it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and based thereon, denies those allegations.

31. Answering Paragraph 31 of the Complaint, Defendant denies the allegations contained therein.

### V. COUNT II: CONVERSION

32. Answering Paragraph 32 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 31 of the Complaint.

33. Answering Paragraph 33 of the Complaint, Defendant admits that Plaintiff was involved in the purchase and shipment of the seized goods, and claims to have had an ownership interest in the goods, but is without knowledge or information sufficient to form a belief as to the truth of the allegations, and based thereon, denies those allegations.

34. Answering Paragraph 34 of the Complaint, Defendant asserts that said paragraph consist of legal conclusions solely within the purview of the Court, to which no

answer is required. To the extent an answer is required, Defendant denies the allegations in said paragraph.

35. Answering Paragraph 35 of the Complaint, Defendant asserts that it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and based thereon, denies those allegations.

36. Answering Paragraph 36 of the Complaint, Defendant denies the allegations contained therein.

**ADDITIONAL AND AFFIRMATIVE DEFENSES**

All allegations not here before specifically admitted, denied, or modified, are hereby denied. For further and separate answer, Defendant alleges as follows:

1. The Court lacks jurisdiction over the subject matter of this action to the extent Plaintiff has failed to exhaust his administrative remedies.

2. The Complaint fails to state a claim upon which relief can be granted to the Plaintiff against the Defendant under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80, as averred in the Complaint or otherwise, for the reason that if said Defendant were a private person, it would not be liable to Plaintiff in accordance with the law of the State of California.

3. Plaintiff cannot recover for any injury or injuries caused in whole or in part by and through his own carelessness and negligence, or the carelessness and negligence of third parties.

4. Plaintiff's recovery, if any, must be reduced by the degree of his comparative fault, or the comparative fault of his employees and agents, if any.

5. To the extent the acts or omissions of others were the sole proximate causes of any injury, damage, or loss to the Plaintiff, those acts and omissions have superseded any acts or omissions of Defendant.

6. Plaintiff cannot recover damages from Defendant for any injuries that were not proximately caused by a negligent or wrongful act or omission on the part of Defendant or any employee or agent of Defendant.

7. To the extent Plaintiff failed to exercise reasonable care in mitigating his damages, his claims must be barred or diminished.

8. Plaintiff's recovery, if any, is limited to the amount of the claim Plaintiff presented administratively. See 28 U.S.C. § 2675(b).

9. Income taxes must be deducted from the alleged past and future lost earnings, if any.

10. Plaintiff cannot recover for property seized that did not legally enter the United States.

11. Plaintiff is not entitled to an award of attorney's fees from the Defendant.

**WHEREFORE**, Defendant prays that Plaintiff take nothing by reason of his suit herein, that judgment be rendered in favor of said Defendant, for costs of suit herein incurred, and for such other and further relief as this Court may deem proper.

DATED: June 28, 2006

CAROL C. LAM
United States Attorney

ERNEST CORDERO, JR.
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS DEBORD,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 04cv1072-IEG(JMA)<br><br>CERTIFICATE OF SERVICE BY MAIL |

STATE OF CALIFORNIA ) 
) ss.
COUNTY OF SAN DIEGO )

IT IS HEREBY CERTIFIED that:

I, Lori Aragon MacDonald, am a citizen of the United States over the age of eighteen years and a resident of San Diego County, California; my business address is 880 Front Street, San Diego, California; I am not a party to the above-entitled action; and

On **June 28, 2006** I deposited in the United States Mail at San Diego, California, in the above-entitled action, in an envelope bearing the requisite postage, a copy of the following:

**UNITED STATES OF AMERICA'S ANSWER TO FIRST AMENDED COMPLAINT (dated 06/28/06)**

addressed to the attorney of record,

    Michael H. Kapland, Esq.
    3699 Wilshire Boulevard, Suite 205
    Los Angeles, CA 90010

the last known address at which place there is delivery service of mail from the United States Postal Service. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this day of **June 28, 2006**.

    */s/ Lori Aragon MacDonald*
    Lori Aragon MacDonald