USDC SCAN INDEX SHEET










JAH    8/23/06    10:09
3:04-CV-01072    DEBORD V. USA
*17*
*P/A.*



| | |
|---|---|
| 1 | CAROL C. LAM<br>United States Attorney |
| 2 | ERNEST CORDERO, JR.<br>Assistant U.S. Attorney |
| 3 | State of California Bar No. 131865<br>Office of the U.S. Attorney |
| 4 | 880 Front Street, Room 6293<br>San Diego, CA 92101-8893 |
| 5 | Telephone: (619) 557-7473 |

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS DEBORD,<br><br>     Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>     Defendant. | Case No. 04cv1072-IEG (JMA)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER**<br><br>DATE: September 25, 2006<br>TIME:  10:30 a.m.<br>CTRM: 1<br><br>Hon. Irma E. Gonzalez |

I.

**BACKGROUND FACTS**

This case arises out of the destruction by the Customs Service of weapons parts imported from Vietnam through the Port of Long Beach in January 1997.[1] (First Amended Complaint, pp. 1-2, Clerk's Docket No. 9.) Plaintiff claims he was the owner of the weapons parts at the time of their destruction on September 28, 1999. (First Amended Complaint, pp. 2-4.) Because he alleges that the Customs Service destroyed the parts due to negligence, he has brought this suit to recover the value of the weapons parts pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, et seq. (First Amended Complaint, pp. 4-6.)

---

[1] Subsequent to the acts at issue in this case, the duties of the Customs Service were transferred to the Department of Homeland Security, U.S. Customs and Border Protection.

At the time the weapons parts were destroyed, Plaintiff was under indictment in the United States District Court for the Northern District of California. Order Dismissing Indictment, p. 2, Exhibit 2 to Declaration of Ernest Cordero, Jr. (Cordero Decl.).[2/] Specifically, Plaintiff was indicted on August 12, 1997 for crimes relating to the illegal importation of weapons, weapons parts and other munitions, including those for which he seeks compensation in this case.[3/] Charges included conspiracy, smuggling, making false statements, violating the Arms Export Control Act, dealing in firearms without a license and witness tampering. A superseding indictment was filed on November 17, 1998; and a second superseding indictment was filed on November 29, 2001. Plaintiff pled not guilty to all charges. Id.

The weapons parts originally were seized by the Customs Service on March 6, 1997 after their importation through the Port of Long Beach in January 1997. First Amended Complaint, p. 3. In the criminal case, the government contended that although the weapons parts were shipped inside containers, the documentation submitted to the Customs Service falsely indicated that the containers were filled with sewing machine parts, hammers and tools. Order Dismissing Indictment, p. 2. Because the weapons parts were falsely manifested, the Customs Service initiated administrative forfeiture proceedings against them. Id. The parts were destroyed on September 28, 1999. Id. The superseding indictment was dismissed on June 28, 2005. Id. at p. 12.

Plaintiff filed this suit pursuant to the FTCA on May 27, 2004 in an effort to recover the value of the destroyed weapons parts. The case was stayed pending a resolution of appellate proceedings arising out of the criminal case against Plaintiff. This Court vacated the stay in

///

---

[2/]  Defendant requests the Court to take judicial notice of the Order Dismissing Indictment filed on June 28, 2005 in the United States District Court for the Northern District of California, in the matter of United States of America v. Curtis Lynn Debord and Peter Tran, Case No. CR 97-0239 FMS, a copy of which is attached as Exhibit 2 to the Cordero Decl.

[3/]  Vietnam is a proscribed country under the Department of Treasury and Department of State regulations relating to the importation of defense articles and firearms. See 27 C.F.R. § 47.52 and 22 C.F.R. § 126.1.

an order filed on May 17, 2006. See Order, Clerk's Docket No. 12. Defendant filed its answer on June 28, 2006. See Clerk's Docket No. 13.

Several weeks prior to filing the answer, counsel for the United States discussed with the representative of the Customs Service assigned to this case whether the agency desired to assert the "detention of goods exception" to the FTCA as a defense. (Cordero Decl., ¶ 2.) Due to a misunderstanding, the defense was not included in the answer. Id. During a meeting on July 28, 2006, the Customs Service's representative clarified that the agency did in fact wish to assert the detention of goods exception as an affirmative defense. Id.

On August 1, 2006, counsel for the United States faxed a letter to counsel for Plaintiff informing him of the misunderstanding related to the detention of goods exception. Id. at ¶ 3. The letter also requested that he stipulate to the filing of a First Amended Answer containing the defense. Id. During a telephone conversation several days later, Plaintiff's counsel informed counsel for the United States that his client would not agree to such a stipulation. Id.

## II.

### DEFENDANT SHOULD BE GRANTED LEAVE TO FILE A FIRST AMENDED ANSWER WHICH INCLUDES AS AN AFFIRMATIVE DEFENSE THE "DETENTION OF GOODS EXCEPTION" TO THE FTCA

Rule 15(a) of the Federal Rules of Civil Procedure grants the Court discretion to permit a party to amend its pleadings. In Foman v. Davis, the Supreme Court declared that leave to amend "shall be freely given when justice so requires. This mandate is to be heeded." 371 U.S. 178, 182 (1962). When exercising its discretion under Rule 15(a), a court must be guided by the underlying purpose of the rule which is "to facilitate decision on the merits rather than on the pleadings or technicalities." Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987). "Generally, this determination should be performed with all inferences in favor of granting the motion." Griggs v. Pace American Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999) (citing DCD Programs v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). The liberal right to amend extends to answers to the complaint. Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004).

///

Whether leave to amend should be granted is generally determined by considering the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). When litigation is in its early stages, leave should be liberally granted unless amendment would be futile. Big Bear Lodging Ass'n v. Snow Summit, Inc., 182 F.3d 1096, 1105 (9th Cir. 1999). Here, it is very early in the litigation. The parties just had their Early Neutral Evaluation Conference on August 11, 2006. Moreover, discovery has not yet begun. There would be no prejudice to Plaintiff if leave is granted. Furthermore, as discussed below, the detention of goods exception is a legitimate defense which may be asserted in good faith.

1. **Due to the Lack of Delay, Plaintiff will not be Prejudiced by an Amendment of the Answer**

This case has just begun. An Early Neutral Evaluation Conference was held on August 11, 2006. More important, discovery has not yet commenced. Under the circumstances, Plaintiff will not be prejudiced by the granting of leave to file a First Amended Answer. He has ample time to conduct discovery and bring any motions he may feel are necessary with respect to the new affirmative defense.

Defendant has not delayed in seeking leave to assert the new defense. The misunderstanding between the representative of the Customs Service and counsel for the United States was not discovered until a meeting on July 28, 2006. (Cordero Decl., ¶ 2.) Plaintiff's attorney was notified of Defendant's desire to raise the affirmative defense on August 1, 2006, four days after that meeting. Id. at ¶ 3. The intention to assert the defense also was brought up during the Early Neutral Evaluation Conference. Id. Under the circumstances, there has been no prejudicial delay.

2. **The Filing of a First Amended Answer would not be Futile Because the Detention of Goods Exception is a Good Faith Defense**

The United States may not be sued unless the government has waived its sovereign immunity. Balser v. Dep't of Justice, 327 F.3d 903, 907 (9th Cir. 2003) (citing Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999)). The FTCA "provides a limited waiver of the sovereign immunity of the United States for torts committed by federal employees acting within

the scope of their employment." Nurse v. United States, 226 F.3d 996, 1000 (9th Cir. 2000). However, the broad waiver of sovereign immunity is subject to thirteen specific exceptions. See 28 U.S.C. §§ 2680(a)-(n); Bramwell v. U.S. Bureau of Prisons, 348 F.3d 804, 806 (9th Cir. 2003).

One of the exceptions, sometimes referred to as the "detention of goods" or "customs detention" exception, retains the government's immunity from "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, *or the detention of any goods, merchandise, or other property by any officer of customs* or excise or any other law enforcement officer." 28 U.S.C. § 2680(c) (emphasis added); see also Bramwell v. U.S. Bureau of Prisons, 348 F.3d at 806.[4/] The Supreme Court has interpreted the exception to apply to any claim arising out of the detention of goods, including a claim resulting from negligent handling or storage of detained property. See Kosak v. United States, 465 U.S. 848, 854 (1984).

In Kosak, the plaintiff imported antiques and various art objects from Asia. The Customs Service seized the goods because their importation allegedly was in violation of law. Ultimately, the goods were returned to the plaintiff after he was acquitted by a jury. However, the plaintiff sued under the FTCA for the damage his goods sustained while in the possession of the Customs Service. Relying on the detention of goods exception, the Supreme Court ruled that the FTCA does not cover suits for damage to property detained by Customs Service officials. Kosak v. United States, 465 U.S. at 862. In doing so, the Court made clear that it was following the mandate of Congress:

> Petitioner and some commentators argue that § 2680(c) should not be construed in a fashion that denies an effectual remedy to many persons whose property is damaged through the tortious conduct of customs officials. [Footnote omitted.] That contention has force, but it is properly addressed to Congress, not to this Court. The language of the statute as it was written leaves us no choice but to affirm the judgment of the Court of Appeals that the

---

[4/] Some courts refer to the exception as the "detention of goods exception." See, e.g. Bramwell v. U.S. Bureau of Prisons, 348 F.3d at 806. Others refer to it as the customs detention exception. See, e.g. Gasho v. United States, 39 F.3d 1420, 1433 (9th Cir. 1994).

Tort Claims Act does not cover suits alleging that customs officials injured property that had been detained by the Customs Service.

Id. at 1527-28.

Courts also have applied the detention of goods exception to cases involving other law enforcement officers. See, e.g., Bramwell v. U.S. Bureau of Prisons, 348 F.3d at 807-08 (Bureau of Prison officers are law enforcement officers exempt from FTCA liability for damage to detained goods under 28 U.S.C. § 2680(c)); Formula One Motors, Ltd. v. United States, 777 F.2d 822, 823-24 (2d Cir. 1985) (DEA agents exempt from liability for damage to seized automobile); Rufu v. United States, 876 F.Supp. 400 (E.D.N.Y. 1994) (applying 28 U.S.C. § 2680(c) to exempt from liability DEA agents who allegedly lost seized property). In a situation similar to this case, the exception also has been found to preclude suit in a case involving damage to firearms, gun powder and ammunition seized by agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives. See Endicott v. Bureau of Alcohol, Tobacco, Firearms and Explosives, 338 F.Supp.2d 1183, 1184-88 (W.D. Wash. 2004).

In April 2000, § 2680(c) was amended by the Civil Asset Forfeiture Act of 2000 ("CAFRA"), Pub.L. No. 106-185, 114 Stat. 211 (April 25, 2000). Among other changes, CAFRA added a "forfeiture proceedings exemption" to the detention of goods exception found at § 2680(c). Essentially, the amendment waives the government's sovereign immunity for claims involving damage to goods seized by law enforcement officers in certain forfeiture cases. Under the amendment, a claimant can bring an FTCA claim for property losses if: (1) the property was seized by law enforcement officers for the purpose of forfeiture; (2) the interest of the claimant was not forfeited; (3) the interest of the claimant was not remitted or mitigated; and (4) the claimant was not convicted of a crime for which his interest was subject to forfeiture under a federal criminal forfeiture statute. See Andrews v. United States, 441 F.3d 220, 226 n. 7 (4th Cir. 2006).

Here, Plaintiff may mistakenly claim that the exemption applies to this case because the weapons parts at issue were subject to administrative forfeiture proceedings. However, the argument will fail because the April 2000 CAFRA amendment to § 2680(c) which created the exemption for property damaged during forfeiture proceedings is not retroactive. Rather,

in the vast majority of cases, the amendment applies only to forfeiture proceedings commenced no less than 120 days after April 25, 2000, the date of CAFRA's enactment. United States v. $80,180.00 in U.S. Currency, 303 F.3d 1182, 1184 (9th Cir. 2002). The only exception is for forfeiture cases involving fugitives, which are covered if they commenced on or after the date of CAFRA's enactment. Collazos v. United States, 368 F.3d 190, 205 (2d Cir. 2004).

In this case, the amended version of § 2680(c) would apply to Plaintiff's claim only if forfeiture proceedings related to the weapons parts had commenced on or after August 23, 2000 (at least 120 days after the enactment of CAFRA). However, it is undisputed that the Customs Service destroyed the weapons parts which were the subject of forfeiture proceedings on September 28, 1999 -- before CAFRA was enacted. Because the statutory changes were not retroactive, Plaintiff's case is governed by § 2680(c) as it existed before the CAFRA amendment in April 2000.

### III.
### CONCLUSION

For the foregoing reasons, Defendant United States requests the Court to grant it leave to file a First Amended Answer.

DATED: August 22, 2006

CAROL C. LAM
United States Attorney

ERNEST CORDERO, JR.
Assistant U.S. Attorney